IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICKLE J. ROGERS,<br>*Plaintiff,*<br><br>v.<br><br>QUESTSPECIALTY CORPORATION,<br>*Defendant.* | § § § § § § § § § | <br><br>C.A. NO. 1:23-cv-00065<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Mickle J. Rogers ("Plaintiff" or "Rogers") and files this, his Original Complaint for claims under the Texas Labor Code, Chapter 21 and the Americans with Disabilities Act ("ADA") against his former employer, QuestSpecialty Corporation ("Defendant" or "Quest").

### I.  NATURE OF THE CASE

1.  This employment discrimination case is brought by Mickle J. Rogers, a former employee of QuestSpecialty Corporation. Plaintiff brings claims of harassment, discrimination, and retaliation based upon his physical disability under the Texas Labor Code and the ADA.

### II.  PARTIES

2.  Mickle J. Rogers is an individual, who is a citizen of the State of Texas and resides within the Western District of Texas, Austin Division.

1

3.      Defendant QuestSpecialty Corporation is adomestic for-profit company that may be served through its registered agent:

>Carl Hubble
>2001 E. Tom Green Street
>Brenham, Texas 77833

### III.    JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the Texas Labor Code § 21.051 and § 21.055, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Within 300 days of occurrences of the acts complained of herein, Rogers filed his initial complaint with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission – Civil Rights Division ("TWCCRD").

6.      Plaintiff has exhausted any applicable administrative remedies and on October 24, 2022, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of his receipt of the Dismissal and Notice of Right to Sue letter.

7.      Therefore, all conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

8.      Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because Defendant has offices, conducts business, and/or can be

found in this district. Additionally, a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Western District of Texas.

## IV.   STATEMENT OF FACTS

9. Plaintiff has an underlying medical condition, post-polio syndrome, that affects one of his legs. Since this condition is painful and uncomfortable but does not prevent Plaintiff from working, Plaintiff did not initially disclose this condition to his former employer, Quest, upon commencement of his employment with the company. Plaintiff's condition has symptoms such as progressive muscle weakness, fatigue in the affected leg, and pain that causes a limp from time to time.

10. Notably, Plaintiff's disability did not interfere with Plaintiff's performance of his job duties. In other words, Plaintiff was qualified for his job and performed it well.

11. However, approximately one year after Plaintiff began working for Defendant, on or about April 2020, there was an altercation with a customer of the company. Specifically, an angry customer physically pushed Plaintiff, which caused pain to the leg for which Plaintiff has the aforementioned leg impairment. Plaintiff's supervisor, Travis Jones ("Jones"), witnessed this altercation.

12. After the altercation, Plaintiff was sore and walked with a slight limp while working his shift. Plaintiff told Jones that he was limping because he had a leg impairment, polio, and therefore the altercation caused Plaintiff a lot of pain. In response, Jones began to taunt and make fun of Plaintiff's leg impairment, commenting on his limp and suddenly questioning his job performance.

13. Offended and outraged, Plaintiff confronted Jones, and asked him to stop making fun of his disability.

14. During this time, the COVID-19 pandemic had reached the United States and many areas of the State of Texas were shut down or quarantined. Almost immediately after the aforementioned altercation, Plaintiff received notice from his young son's school that Plaintiff would have to care for and/or assist with his son's schooling since the school was not allowing in-person learning due to the pandemic.

15. Per company policy and the laws of the State of Texas, Plaintiff applied for and was approved for COVID-19 leave from Quest.

16. All was well the first two weeks of Plaintiff's approved leave, but then after that, Plaintiff did not receive another paycheck. Confused, Plaintiff called the Human Resources Department of Quest and was informed by a human resources representative that Jones had decided to terminate Plaintiff while Plaintiff was on leave. Plaintiff was not given any prior notice of his termination and when Plaintiff asked the human resources representative why he was terminated, she informed Plaintiff that his terminated was due to his complaint of Jones' harassment regarding Plaintiff's disability.

17. Remembering the confrontation between Plaintiff and Jones, paired with the human resources representative's statements, Plaintiff knew he was terminated due to complaining about his supervisor's harassment and discrimination relating to the polio in his leg, i.e., his disability.

18. Therefore, the harassment and discrimination Plaintiff sustained at Quest by his supervisor violated both state and federal law. Further, Plaintiff's subsequent complaint of the harassment and discrimination was the reason Plaintiff was terminated from Quest, constituting illegal retaliation.

## V.   CAUSES OF ACTION

A.   COUNT NO. 1: DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (HARASSMENT)

19.   Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

20.   Under the Americans with Disabilities Act ("ADA"), Plaintiff had a covered disability since Plaintiff's post-polio syndrome limits one or more of his major life activities (i.e., walking, standing). 42 U.S.C.S. § 12102(2).

21.   A "qualified individual with a disability" is one with a disability who, with or without reasonable accommodation, can still perform the essential functions of the employment position he holds. 42 U.S.C.S. § 12111(8).

22.   As an individual with a disability covered under the ADA, polio, Plaintiff is protected from harassment, discrimination, and retaliation under the ADA. Plaintiff was qualified for the position he held and performed his job well. Despite this, Plaintiff was subjected to harassment, including but not limited to, negative or offensive remarks or jokes about his disability, by his supervisor.

23.   As such, Quest – through its agent, Jones – subjected Plaintiff to maltreatment that constitutes harassment in violation of the Americans with Disabilities Act.

B.   COUNT 2: DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (ADVERSE EMPLOYMENT ACTION)

24.   Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

25.    As an individual with a disability covered under the ADA, polio, Plaintiff is

protected from harassment, discrimination, and retaliation under the ADA. Plaintiff was qualified for the position he held and performed his job well. When Plaintiff began to be harassed by his supervisor, Jones, relating to the polio in his leg, Plaintiff asked his supervisor to stop. Then, while on leave from the company due to the pandemic, Jones terminated Plaintiff because Plaintiff complained of the harassment and discrimination.

26. Plaintiff's termination constitutes an adverse employment action on account and/or related to Plaintiff's disability (and complaint relating to Plaintiff's disability) in violation of the ADA.

C. COUNT 3: RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

27. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

28. After Plaintiff complained of Jones' discriminatory harassment, Jones decided to terminate Plaintiff. Upon information, belief, and reliance on Quest's human resources department representative's statements, Plaintiff was terminated because of his complaint.

29. Because Plaintiff opposed Jones' harassment and discrimination, Plaintiff was terminated. Therefore, Plaintiff was subjected to retaliation because of his complain, in violation of the ADA.

D. DAMAGES

30. Due to harassment, discrimination, and retaliation Plaintiff faced at Quest, Plaintiff has suffered actual damages. Jones' actions demonstrate that during Plaintiff's employment, Quest had a perverse culture of discrimination, with malice or with reckless indifference to Plaintiff's protected rights and are in violation of the ADA and the Texas Labor Code.

31. In addition, Plaintiff avers that Quest's unlawful harassment, discrimination, and

6

retaliation justify an award of compensatory and punitive damages against the company.

32. Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination. Such discrimination was committed with malice and reckless indifference to Plaintiff's rights and desires to be treated equally pursuant to the intent of the aforementioned statute(s) to protect victims from such actions.

33. Plaintiff has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated against by Quest. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Quest's retaliatory practices and they will continue unless and until this Court grants relief.

## VI.   JURY REQUEST

34. Plaintiff requests a trial by jury.

## VII.   PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

   a)   For actual damages;

   b)   Back pay to compensate Plaintiff for loss of income and/or employment

    related benefits resulting from the discriminatory and retaliatory actions of Defendant;

c)  Compensatory damages for severe mental anguish in the past and future, injury to his reputation, for adverse effects on his career, and for diminished earning capacity resulting from the discriminatory and retaliatory actions of Defendant;

d)  For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

e)  An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

f)  Pre-judgment interest at the highest rate allowed by law;

g)  Post-judgment interest at the highest rate allowed by law; and

h)  For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

[signature on following page]

Respectfully Submitted,

**SPACE CITY LAW FIRM**

/s/*Bridget Davidson*
Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF